**[Cite as *State v. Shareff*, 2025-Ohio-4736.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31233 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MONEEB O. SHAREFF | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2024-01-0001 |

DECISION AND JOURNAL ENTRY

Dated: October 15, 2025

HENSAL, Judge.

{¶1}   Moneeb Shareff appeals his conviction for domestic violence by the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}   According to A.E., the mother of Mr. Shareff's children, Mr. Shareff agreed to drive her somewhere on New Years Eve, but he showed up late, which led to an argument between them. According to two of A.E.'s relatives, when Mr. Shareff dropped A.E. off, she had red marks and bruises on her arms and face that were not there previously.  A.E. told the law enforcement officers who responded to a 911 call that she got in a fight with Mr. Shareff and that he hit her in the face. The Grand Jury indicted Mr. Shareff of two counts of domestic violence, one because A.E. was pregnant at the time of the attack.  Following a trial to the bench, the court found that Mr. Shareff physically harmed A.E. but that he may not have known she was pregnant.  It, therefore, found

him guilty of one of the counts and sentenced him to three years of community control. Mr. Shareff has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MR. MONEEB O. SHAREFF.

{¶3} In his first assignment of error, Mr. Shareff argues that his conviction is not supported by sufficient evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶4} The court found Mr. Shareff guilty of domestic violence, in violation of Revised Code Section 2919.25(A). That section provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Physical harm "means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). The court also found that Mr. Shareff had a similar prior conviction, which made the offense a felony of the fourth degree under Section 2919.25(D)(3).

{¶5} Mr. Shareff argues that his conviction is not supported by sufficient evidence because A.E. testified that the argument they had was only verbal in nature and that he never struck

or otherwise harmed her. A.E. initially told law enforcement, however, that Mr. Shareff put her in a headlock, pulled her hair, scratched her, and hit her in the face during the argument. Two of A.E.'s relatives noticed what appeared to be injuries to A.E. after she exited Mr. Shareff's vehicle. The State presented recordings of A.E.'s conversations with law enforcement and photographs of her face. Although A.E. recanted her prior statements at trial, we must view the evidence in a light most favorable to the prosecution. *State v. Brown*, 2011-Ohio-1041, ¶ 14 (9th Dist.) ("A conviction is not based on insufficient evidence simply because the witness recants before the trial."). Upon review of the record, we conclude there is sufficient evidence to uphold Mr. Shareff's conviction. *See State v. Whitehouse*, 2010-Ohio-587, ¶ 19 (9th Dist.) (upholding domestic violence conviction based on victim's initial statements to police and photographs of bruising on victim). Mr. Shareff's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION.

{¶6} In his second assignment of error, Mr. Shareff argues that his conviction is against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶7}     Mr. Shareff notes that A.E. testified that she is light-skinned and that her face gets red easily, such as when she has been drinking.  A.E. also explained that, when she told officers that Mr. Shareff and she had been in a fight, she only meant that they argued and not that a physical altercation occurred.  A.E. further explained that she was only testifying because of the threat of being prosecuted if she did not comply with the subpoena she received.  Mr. Shareff also points out that A.E.'s brother could not remember exactly where he saw bruises on A.E. and that he did not tell law enforcement on the night of the incident what he allegedly saw.

{¶8}     As the trier of fact, the trial court was in the best position to evaluate the credibility of the testimony and evidence and was free to believe the State's theory of the events and reject Mr. Shareff's version, including the testimony of A.E.  *See State v. Shank*, 2013-Ohio-5368, ¶ 29 (9th Dist.).  Upon review of the evidence, we cannot say this is the exceptional case where the evidence weighs heavily against Mr. Shareff's conviction.  Mr. Shareff's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY IMPROPERLY APPLYING THE RULES GOVERNING WITNESS LIST[S] UNDER O.C.R. 16(I)(L)(1), RESULTING IN PREJUDICE AGAINST APPELLANT.

{¶9}     In his third assignment of error, Mr. Shareff argues that the trial court incorrectly allowed A.E.'s mother to testify even though she was not on the State's witness list and was not present at the scene.  According to Mr. Shareff, the court should have prevented A.E.'s mother from testifying under Criminal Rule 16(I).  He also argues that A.E.'s mother's testimony was highly prejudicial, and that she may have coerced A.E. into signing a victim statement on the night of the incident.

{¶10}   Criminal Rule 16(I) provides that "[e]ach party shall provide to opposing counsel a written witness list, including names and addresses of any witness it intends to call in its case-in-chief . . . ."  Two days before the trial, the State submitted a witness list that included A.E.'s mother.  At trial, Mr. Shareff did not object to A.E.'s mother testifying, but only to certain statements that he thought were based on hearsay.  Accordingly, upon review of the record, we conclude that Mr. Shareff has failed to establish error.  Mr. Shareff's third assignment of error is overruled.

### III.

{¶11}  Mr. Shareff's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

ROSEL C. HURLEY, III, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.